UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
GEORGE ROSQUIST,

                Plaintiff,

             -against-

ST. MARKS REALTY ASSOC., LLC;
RUBEL, ROSENBLUM & BIANCO, LLC;
TWINS MOVING, INC.; THE CITY OF
NEW YORK; ANDREW CUOMO (for
the defendant State of New York);
THOMAS STEINER; JOHN BIANCO;
JOAN RUBEL; XXX FILED; MARK A.
MCMILLIAN; MARINA CORA MUNDY;
PHILIP S. STRANIERE; KIM DOLLARD;
MICHAEL WESTON PATERSON;
JOSEPH G. GOLIA; JAME RIOS;
KENNETH GIACHETTA;
SHAUN GUGLIERMO;
"CURLY DOE, LARRY ROE, MO COE,
TOM BLOE and DICK FLOE"
(being 5 fictitious names of five police
officers from the 120th pct, pending
discovery of their true names); and
HARRY SLOE (Being a fictitious name of
a desk sergeant from the 120th pct.,
pending discovery of his true name),

                Defendants.
----------------------------------------------------x

NOT FOR PRINT OR
ELECTRONIC PUBLICATION

**MEMORANDUM & ORDER**

08-CV-0365 (NGG)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y

★ FEB 13 2008 ★

BROOKLYN OFFICE

GARAUFIS, United States District Judge:

On January 25, 2008, *pro se* plaintiff George Rosquist filed the instant fee-paid Complaint. The Complaint is dismissed for the reasons set forth below.

## BACKGROUND

It is difficult to discern a cause of action or even to identify the alleged facts in plaintiff's Complaint. It is clear, however, that the action involves a housing dispute and an eviction.

According to the Complaint, in June 1996, plaintiff began renting an apartment at 273 St. Marks Place on Staten Island, operated by Defendant St. Marks Realty Assoc., LLC. (Complaint at 10.) It appears that sometime thereafter, plaintiff was subject to an eviction action or series of actions that ultimately resulted in his physical eviction on January 25, 2008. (Complaint at 2.) Plaintiff does not identify the basis of the eviction action or set out the procedures that were followed.

Plaintiff does allege that Defendant Rubel, Rosenblum & Bianco, LLC "filed a final frivolous petition (in a string of frivolous petitions) in the City Civil Court for the County of Richmond calculated to abuse the courts and abuse legal processes seeking alteration, modification, and exclusion from the controlling existing laws under the Rent Stabilization law, Multiple Dwelling law and other Administrative Codes." (Complaint at 11-12.) Plaintiff does not identify the nature of the allegedly frivolous petition nor does he identify facts in support of his claim that Defendants violated the cited state laws.

Plaintiff asserts that this Court has federal-question jurisdiction over his claims under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.") because Defendants' actions surrounding his eviction violated his "civil and human rights" protected by the United States and New York constitutions, the Americans with Disabilities Act of 1990, and various New York state laws. (Complaint at 4, 6.) He complains that Defendants have failed to properly maintain the apartment and the building in violation of various state laws and in contempt of state-court orders (Complaint at 12-13), but offers no further explanation of how defendants may have violated his constitutional rights or other federal laws. He demands monetary damages in the amount of $100,000.

## DISCUSSION

In reviewing Plaintiff's Complaint, the Court is mindful that because Plaintiff is proceeding *pro se*, his submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173. 176 (1980). Furthermore, the pleadings must be read liberally and interpreted as raising the strongest arguments they suggest. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). "The failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim. Factual allegations alone are what matters." Northrop v. Hoffman of Simsbury, Inc., 134 F.3d 41, 46 (2d Cir. 1997) (quoting Albert v. Carovano, 851 F.2d 561, 571 n.3 (2d Cir. 1988) (*en banc*). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

"It is axiomatic that federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction. Unlike failure of personal jurisdiction, failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). See Fed. R. Civ. P. 12(h)(3). Federal subject-matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the

3

interpretation or application of federal law." State of New York v. White, 528 F.2d 336, 338 (2d Cir. 1995).

Regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous or the court lacks jurisdiction over the matter. Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-364 (2d Cir. 2000); Fed. R. Civ. P. 12(h)(3). An action is frivolous as a matter of law when, *inter alia*, it is "based on an indisputably meritless legal theory"– that is, when it "lacks an arguable basis in law . . ., or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 473 (2d Cir. 1998).

Here, plaintiff's claims arise out of disputes with his landlord and an eviction proceeding that appears to have resulted in Plaintiff's eviction. Federal courts do not have subject-matter jurisdiction over landlord-tenant matters. See e.g. Galland v. Margules, No. 05 Civ. 5639, 2005 WL 1981568, at *1 (S.D.N.Y. 2005) ("[F]ederal courts do not have federal question subject matter jurisdiction over state residential landlord-tenant matters."); United Mut. Houses, L.P. v. Andujar, 230 F. Supp. 2d 349, 354 (S.D.N.Y. 2002) (remanding to state court upon finding that tenant was not entitled to remove housing court action to federal court).

Although plaintiff invokes the Civil Rights Act and the Americans With Disabilities Act, he alleges no actions by Defendants that would be cognizable under these provisions of federal law. A claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 may be dismissed for want of subject-matter jurisdiction if it is not colorable, that is, if it is "immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous." Bell v. Hood, 327 U.S. 678, 682-83, 66 S. Ct. 773, 776 (1946). Because Plaintiff raises no question

of federal law that would confer federal subject-matter jurisdiction over this matter, the Complaint must be dismissed.

## **CONCLUSION**

For the reasons set forth above, the Complaint is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920 (1962).

SO ORDERED.

/signed/
NICHOLAS G. GARAUFIS
United States District Judge

Dated: Brooklyn, New York
February \_\_\_, 2008